**RONSON CORPORATION,**
Plaintiff,

v.

**LIQUIFIN AKTIENGESELLSCHAFT,**
**LIQUIGAS, S.p.A., and Vincenzo**
**Cazzaniga, Defendants.**

No. 73 Civ. 4026–CLB.

United States District Court,
S. D. New York.

April 29, 1974.

Cahill, Gordon & Reindel by David R. Hyde, New York City, for plaintiff.

Mudge, Rose, Guthrie & Alexander by John J. Witmeyer, III, New York City, for defendant Liquifin.

Milbank, Tweed, Hadley & McCloy by Edward J. Reilly, New York City, for defendant Cazzaniga.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendant Vincenzo Cazzaniga, an Italian financier residing at Rome, Italy, has moved, alternatively, to dismiss the

amended complaint, filed on November 12, 1973, pursuant to Rule 12(b)(2) and (6), F.R.Civ.P. on the ground that (1) the Court lacks personal jurisdiction over him, and (2) the amended complaint fails to state a claim; or for summary judgment pursuant to Rule 56, F.R.Civ.P.

Personal jurisdiction is asserted based on claimed tortious activity committed through agents within the State of New York, If true, the allegations support "long arm" jurisdiction pursuant to New York CPLR § 302(a)(2) made applicable to this Court by Rule 4(d)(7), F.R.Civ.P.

All parties to this action except Cazzaniga have been engaged in litigation, along with others, in the District of New Jersey [Ronson Corporation v. Liquifin A.G., et al., 370 F.Supp. 597. See also same title, 483 F.2d 846 (3rd Cir. 1973)] hereinafter, "the New Jersey action". In the New Jersey action, Ronson as plaintiff sought to enforce its rights, as a "target" corporation, under the Williams Act (15 U.S.C. §§ 78*l*–78n) to require Liquifin and its cohorts to make full public disclosure of relevant information in connection with a cash tender offer being made by Liquifin to acquire control of Ronson. The District Court in the New Jersey action (Clarkson S. Fisher, D.J.) entered a preliminary injunction against the raiding party, which was affirmed (483 F.2d 846 and 852). After several amendments and a "Restatement" of the tender offer, the Court concluded that full disclosure had, at last, been made, and on January 11, 1974 filed an opinion, 370 F.Supp. 597, after a plenary trial limited solely to the issue of whether the Restatement, (with minor corrections directed by the Court) should be enjoined. That opinion denied a permanent injunction, and vacated the preliminary injunction, based on submission to Ronson shareholders of the "restated" and corrected tender offer. The order entered thereon on January 16, 1974 was affirmed, *per curiam* on April 19, 1974 by the Court of Appeals in the Third Circuit. There remains for decision before Judge Fisher the issue as to whether "any damages can be or should be awarded [to Ronson] to further the Congressional purposes of Section 14(e) of the [Securities Exchange Act of 1934]." See fn. 7, p. 601 of 370 F.Supp.

Discovery in this action was, on March 11, 1974, stayed pending the further order of this Court. This was done on the application of Cazzaniga, pending resolution of this motion, because Judge Fisher on December 5, 1973, had stayed discovery in part, and we would not permit discovery here to be used indirectly in a manner which might evade his directions made in litigation pending before him, filed prior to time.

■ However, absent discovery, we would be unwilling to dismiss here as against Cazzaniga, based merely on his *ipse dixit* that he has not, through himself or another, committed the alleged acts in New York State upon which personal jurisdiction depends. That branch of the motion is denied, without prejudice.

The amended complaint asserts that Cazzaniga is "the secret beneficial owner of stock [of Liquigas S.p.A., corporate parent of Liquifin A.G.] nominally held on his behalf by Raffaele Ursini" and as such is a "controlling person" of those defendants, and has actively participated in their wrongful acts (¶ 4). The wrongful acts of Liquifin, Liquigas, Ursini and others are those set forth in the complaint in the New Jersey action, which is attached to the amended complaint here, and incorporated by reference; that is, violation of the Williams Act in making a cash tender to Ronson shareholders. Ronson seeks money damages, and to secure its rights, as well as to obtain personal jurisdiction over Liquifin and Liquigas has attached the sum of $1,500,000.00 out of $20,000,000.00 on deposit in a New York bank, intended to be used in payment of the shares of Ronson tendered. This attachment has been discharged by a surety bond.

**630**

■ Except that Cazzaniga has been sued here, and Ursini, Sindona and others omitted from this complaint, this case is the same as that presently before Judge Fisher in New Jersey. The New Jersey litigation was commenced first, and it is there that the question of whether a claim is stated should be decided. As a matter of discretion, we decline to consider Cazzaniga's Rule 12(b)(6) motion.

We now come to Cazzaniga's Rule 56 motion. To the extent it rests on the doctrine of collateral estoppel, we think there are no issues of fact and this motion should be granted.

■ In the New Jersey litigation, Ronson tendered to the Court for decision its contention that Ursini is not, as stated in the Restatement tender offer, "the person in control of Liquigas", or alternatively that the "description of his control in the Restatement is misleading" (Op. of Fisher, D.J., 604 of 370 F. Supp.); the New Jersey Court held:

"... The record as a whole has not established Ronson's suspicions and theories as provable facts. The preponderance of the evidence clearly demonstrates that defendant Ursini controls Liquigas." (*Ibid*, p. 605)

A full and fair reading of Judge Fisher's opinion shows that he found Ursini, and only Ursini, controlled Liquigas. See pp. 603–605 of his opinion. This excludes Ronson's hypothesis, alleged here, that Cazzaniga controls "Secretly", and Ursini is his "nominee", or the alternate hypothesis, claimed in New Jersey that various entities and individuals, viz. Servizio Italia, Montecatini Edison S.p. A., Societe Generale Immobiliari, Banca Nazionale del Lavoro, E.N.I., Capitalfin, Fasco and/or "the Italian Government", "could be in control of Liquigas" (*ibid*, p. 605 and fn. 22). Ronson did not allege in New Jersey that Cazzaniga was in control, but in fn. 30 p. 607 to his opinion, Judge Fisher observed:

"Apparently Ronson is claiming elsewhere that one Vincenzo Cozzaniga (sic) instead of Sindona "secretly" controlls Liquigas. Ronson v. Liquifin Aktiengesellschaft, 375 F.Supp. 628, 73 Civ. 4026 (S.D.N.Y.), Exhibit DL–3 in Evidence; Transcript of Hearing on January 3, 1974 at 181–183, 210."

Ronson is estopped, collaterally, by Judge Fisher's findings, as affirmed in the Third Circuit, from litigating here its alternate, or New York theory that Cazzaniga, or anybody other than Ursini controls Liquigas. Restatement, Judgments § 43.68, comment t; Zdanok v. Glidden Co., 327 F.2d 944 (2d Cir. cert. denied 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); Ruskay v. Jensen, 342 F.Supp. 264 (S.D.N.Y.1972); Ritchie v. Landau, 475 F.2d 151 (2d Cir. 1973). The issue has been fully litigated and finally determined as against Ronson, in the New Jersey action. That Cazzaniga was not a party to the record there is of no moment. Ronson is not to be permitted to "blow hot and cold" in a lawsuit, or in two or more lawsuits. Having asserted control by others in its New Jersey litigation, Ronson may not here allege control by Cazzaniga. As stated in Beck, Walter, Estoppel Against Inconsistent Positions in Judicial Proceedings, 9 Bklyn.Law Review 245, 248 (1940):

"The gravamen of this type of estoppel, therefore, is not reliance by the other party to his resultant detriment, but rather in having deliberately taken a legal position, from which the courts will not permit one to recede, for purposes of convenience. It is clearly a rule born of the necessity of orderly administration of our judicial system."

Movant Cazzaniga is granted summary judgment dismissing the complaint as against him. There is no just reason for delay. A final judgment shall enter as to him, pursuant to Rule 54(b), F.R. Civ.P.

■ As to the other defendants here sued, it seems that the action should be held in abeyance to preserve plaintiff's rights under its attachment, or the sure-

ty bond given to discharge the same, so that when and if the issue of damages is resolved in its favor by Judge Fisher, a fund will be available to satisfy any obligation imposed upon these foreign corporations. But for the attachment, this litigation is duplicative of the New Jersey action, and that cause, having been filed first, should be disposed of first.

On the Court's own motion, and in the interests of justice, it is

Ordered, that all proceedings, except appeal, be stayed, including discovery, pending trial of the issue of damages against Liquifin and Liquigas in New Jersey, or the further order of this Court.

Settle judgment on notice, dismissing as to Cazzaniga.

So ordered.