**James BOGUSZEWSKI, Plaintiff,**

v.

**Anthony URCIOLI, Defendant.**

**No. 86 Civ. 4906(CLB).**

United States District Court,
S.D. New York.

July 27, 1988.

Barry Gottlieb, Nanuet, N.Y., for plaintiff.

Robert Rubin, Gordon & Silber, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By motion fully submitted on July 20, 1988, defendant seeks summary judgment in this diversity slip and fall action based on the admissions under oath of the plaintiff in his pretrial testimony.

Plaintiff sought to recover personal injuries sustained on January 14, 1985, when he slipped and fell on snow and ice at premises of the defendant located on West Lake Road, Tuxedo Park, New York, in this district. The claim is that the defendant was negligent in failing to maintain the premises by clearing the snow and ice and salting and sanding the area. Plaintiff was a business visitor, sent by a security guard to the wrong house, which had been closed for the winter.

In his answer to interrogatory number 24, drafted by his attorney, plaintiff responded to an inquiry; "State the exact location of the alleged negligent acts or omissions charged against the defendant" as follows: "About eight feet from the front of the tunnel nearest to the side door of the house known as West Lake Road, Tuxedo Park, New York."

On page 52 of his pretrial testimony plaintiff gave the following information under oath:

Q: When you fell were you in the tunnel?

A: No. I was on the outside of the tunnel.

Q: How many steps did it take you to go through the tunnel?

A: I don't know that.

Q: And from the exit point of the tunnel until the point you fell, how many steps did you take?

A: Three steps.

Q: When you exited the tunnel, did you go straight or did you turn in any direction prior to the point you fell?

A: I was just walking straight.

The Court concludes that "three steps" in the oral testimony is consistent with the "about eight feet" distance given in the answer to interrogatories.

Defendant has now demonstrated by irrefutable documentary evidence that this particular location as described is *not* on the defendant's property. The response of the plaintiff is best expressed in the affidavit of his attorney Barry M. Gottlieb, docketed June 20, 1988 at paragraph 4.

4. There were no witnesses to my client's fall down on the defendant's premises. The defendant is trying to use my client's own testimony against him to prove that he didn't fall on Mr. Urcioli's property. Surely, the defendant was aware that when my client answered interrogatory # 24 and said "about eight (8) feet from the front of the tunnel nearest to the side door of the house known as West Lake Road, Tuxedo Park, New York," the first word was "about" which means "approximately."

Lured by an understandable desire for the long green, Mr. Boguszewski has now changed his testimony. He has marked an X on the survey of the property submitted by the defendant. This X clearly shows the accident happening on Urcioli's property; unfortuantely, the new location chosen is not consistent with plaintiff's deposition testimony, and is also arguably inconsistent with the answers to the interrogatories. Mr. Boguszewski now claims that he *turned to the right* upon exiting the tunnel. This would place him in the appropriate location to receive consideration of his injuries from the trial jury, but is inconsistent with his testimony that he was walking straight, quoted *supra.*

Our Court of Appeals has held that it is important that a litigant not be encouraged to "blow hot and cold" in a lawsuit. *Waterside Ocean Navigation Company v. International Navigation Ltd.,* 737 F.2d 150, 152 (2d Cir.1984), citing *Ronson Corporation v. Liquifin Aktiengesellschaft Liquigas, S.p.A.,* 375 F.Supp. 628, 630 (S.D.N.Y. 1974).

Ordinarily, we have come to believe that most pretrial discovery is useless, and there is often a lamentable effort, sometimes permitted by courts, to elude factual commitments made at deposition, when at the time of trial it is beneficial to do so. Jurors are led to expect a little lying. The instant case is unusual, in that there is no way that the plaintiff's pretrial testimony can be read consistently with having fallen on the premises of the defendant.

Accordingly, no reasonable juror acting reasonably could disbelieve the pretrial testimony in favor of a more recent contrivance which would justify a recovery. This Court should uphold the sanctity of an oath and the validity of pretrial testimony, and refuse to be an intentional participant in an effort by a party to blow hot and cold in a law suit.

A fallback argument is made that the attorneys delayed the case to the point where the statute of limitations may have run against the true owner of the premises where the snow was. It takes at least two to delay the progress of civil litigation. The defendant had never admitted ownership and control of the premises where the accident occurred, and there is no basis here for any estoppel.

Summary judgment is granted in favor of defendant. The Clerk of the Court shall enter final judgment.

So Ordered.